IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CASE NO. 6:22-CR-0007-JCB-KNM |
| | § |
| DEREK ROBERT HAMM | § |
| a/k/a D. Wayne Hamm, II | § |
| a/k/a Wayne Hamm | § |
| a/k/a D. Wayne H. | § |
| a/k/a DW Hamm | § |
| a/k/a RD Hamm | § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion to Withdraw from Plea Agreement (ECF 40). The motion was referred for adjudication (ECF 47). The Court conducted a hearing on the motion on May 4, 2023. Having reviewed and considered the motion and response and heard arguments from counsel, it is recommended that the motion be **DENIED**.

**Background**

On January 20, 2022, a federal grand jury returned a 33-Count Indictment charging Defendant with Wire Fraud, in violation of 18 U.S.C. § 1343, Use of a Forged Military Discharge Certificate, in violation of 18 U.S.C. § 498, Unauthorized Purchase of Military Medals or Decorations, in violation of 18 U.S.C. § 704(a), Fraudulently Holding Oneself out to be a Recipient of Military Medals or Decorations, in violation of 18 U.S.C. § 704(b), Engaging in a Monetary Transaction with Criminally Derived Property, in violation of 18 U.S.C. § 1957, Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1), and Prohibited Person in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(9).

1

Defendant entered a plea of not guilty to all counts on January 25, 2022. The Government subsequently filed a Notice of Plea Agreement on June 2, 2022. Pursuant to that notice, the Court conducted a change of plea hearing on June 23, 2022. At the hearing, the Court addressed Defendant in open court, placed him under oath, and advised him in accordance with FED. R. CRIM. P. 11(b)(1). The parties filed a signed plea agreement and Defendant entered a plea of guilty to Counts 1, 2, 14, 16, 17 and 32 of the Indictment, charging violations of 18 U.S.C. §§ 1343, 498, 704(b), 1957 and 922(g)(1). The plea agreement includes guideline stipulations pursuant to FED. R. CRIM. P. 11(c)(1)(B) (ECF 25). Finding that Defendant made a knowing and voluntary plea of guilty supported by an independent basis in fact containing each of the essential elements of the offenses, the Court entered Findings of Fact and Recommendation on Guilty Plea Before the United States Magistrate Judge (ECF 29) on June 24, 2022, recommending that Defendant's plea of guilty be accepted and that Defendant be adjudged guilty of those offenses. The parties waived their right to file written objections. The Court entered an Order on June 24, 2022, accepting the recommendation and Defendant's plea of guilty to Counts 1, 2, 14, 16, 17 and 32, finding Defendant guilty of those counts (ECF 30). The Court reserved acceptance of the plea agreement pending review of the presentence report.

The probation officer filed an initial disclosure of the presentence report on March 13, 2023. On April 19, 2023, Defendant filed objections to the presentence report and the present motion seeking to withdraw from the plea agreement. In his motion, Defendant complains that counsel received an email from the Government on March 20, 2023, after disclosure of the presentence report, stating that the Government intends to seek a firearm-related enhancement pursuant to USSG 2B1.1(b)(16) and 2K2.1(b)(6) that would raise the total offense level by two points. Defendant disagrees with the firearm enhancement and argues that it was not agreed upon

by the parties in the plea agreement or in the factual basis. Defendant asserts that the plea agreement is non-binding and he seeks to withdraw from the plea agreement.

In response, the Government asserts that the motion should be denied and that the matter should proceed to sentencing. The Government argues that the guideline stipulations included in the plea agreement are not exclusive. Instead, the parties expressly reserved their rights to argue for any other specific offense characteristics or guideline adjustments and explicitly recognized that the Court is not bound by the stipulations. The Government further submits that the expected total offense level, including the firearm-related enhancement, is the same total offense level discussed during plea negotiations. Moreover, the Government asserts that Defendant failed to address any of the *Carr* factors that are to be considered on a motion seeking withdrawal from a plea of guilty.

## Applicable Law

A defendant does not have an absolute right to withdraw from a guilty plea. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). Instead, withdrawal of a guilty plea prior to sentencing is committed to the sound discretion of the trial court. *Id*. Pursuant to FED. R. CRIM. P. 11(d)(2)(B), a defendant may withdraw a plea of guilty after the court accepts the plea, but before sentencing, if he can show a fair and just reason for the withdrawal. The burden is on the defendant to establish a fair and just reason for withdrawing from a plea of guilty. *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996).

When deciding whether to permit withdrawal of a guilty plea, a court should consider: (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice were the withdrawal motion granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially

inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984). "No single factor or combination of factors mandates a particular result." *United States v. Still*, 102 F.3d at 124 (citing *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991)). Rather, a court looks at the totality of the circumstances when determining whether to exercise its discretion to permit withdrawal. *Id*. Explicit findings as to each factor are not required. *United States v. Powell*, 354 F.3d at 370.

## Analysis

After reviewing the record and considering the arguments of the parties, the application of the *Carr* factors do not support withdrawal of Defendant's guilty plea.

### A. Assertion of Innocence

Defendant's motion does not assert actual innocence. During the plea colloquy at the June 23, 2022 change of plea hearing, Defendant repeatedly acknowledged his guilt. *See* Transcript of Plea Hearing, ECF 48, at *18, *27, and *29. Defendant additionally stated that everything in the factual basis is true and correct and that he signed the factual basis because "all of the facts contained therein are true." *Id*. at *27. At the motion hearing, Defendant again agreed that he is not asserting actual innocence. As a result, this factor does not support Defendant's motion.

### B. Prejudice, Inconvenience to the Court and Waste of Judicial Resources

Three of the *Carr* factors are related—prejudice to the Government, inconvenience to the Court and a waste of judicial resources—and are appropriately considered together. *United States v. Knatt*, 2022 WL 1912771, at *3 (E.D.Tex. May 24, 2022); *United States v. Rodriguez*, 2010 WL 286730, at *4 (N.D.Tex. Jan. 22, 2010). The Government asserts that it would be prejudiced by

withdrawal due to the resulting restructuring of its heavy caseload, the time and effort that will be required to supersede the indictment and proceed to trial and the effect on the liquidation of assets already set into motion by an agreed interlocutory sale of property subject to forfeiture. At the motion hearing, Defendant asserted that the prejudice to the Government is not different than the added workload on the defense that is just the consequence of doing the job. Defendant additionally waived any concerns pertaining to the ongoing liquidation of assets subject to forfeiture. Defendant expressed no opinion as to any inconvenience to the Court or waste of judicial resources.

Permitting withdrawal of the guilty plea approximately ten months after the plea was entered would undoubtedly require renewed efforts to organize and prepare witnesses. If the current guilty plea does not go forward, the Government intends to procure a superseding indictment adding additional charges. The probation office spent time preparing a lengthy presentence investigation report and final presentence investigation report. The matter is ready for a sentencing hearing to be set and to proceed to judgment. Defendant does not deny that withdrawal at this stage would result in inconvenience to the Court and a waste of judicial resources. As a result, these three factors weigh against withdrawal.

    **C. Delay**

The parties dispute whether Defendant delayed in filing his motion to withdraw his guilty plea. The Government argues that Defendant delayed filing his motion more than three hundred days after entering his plea of guilty. Defendant, on the other hand, argues that he filed his motion after learning that the Government was going to seek a firearm enhancement to the sentencing guidelines. Even viewing the delay factor from Defendant's perspective, however, he admits to a delay of thirty days between the date he was notified by email that the Government would seek to

5

add a firearm enhancement and the date he filed his motion to withdraw.[1] In *Carr*, the Fifth Circuit deemed a delay of twenty-two days to weigh against withdrawal. *United States v. Carr*, 740 F.2d at 345. The Court further explained that "[t]he rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id*. This factor weighs against withdrawal.

### D. Close Assistance of Counsel

This factor considers "whether counsel was available to the defendant throughout the proceedings." *United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir. 2019). Here, Defendant does not deny that his attorney has competently assisted him through every stage of prosecution. At the hearing, Defendant stated that he is not asserting that his attorney failed to perform any needed or asked services. Defendant has been represented by retained counsel throughout the proceedings beginning with the initial appearance on January 25, 2022. Defendant acknowledged that he is satisfied with his attorney's representation and that counsel has taken plenty of time with him and answered all of his questions. *See* Transcript of Plea Hearing, ECF 48, at *5. The record establishes that Defendant has had close assistance of counsel. This factor weighs against withdrawal.

### E. Knowing and Voluntary Plea

At the hearing, Defendant did not dispute that he entered a knowing and voluntary plea of guilty. A plea is knowing and voluntary if the defendant has "full knowledge of what the plea connoted and of its consequences." *United States v. Lord*, 915 F.3d at 1016 (citing *Boykin v.*

---

[1] Defendant asserts that he received the email on March 20, 2023. Defendant's Motion to Withdraw from Plea Agreement, ECF 40, at *2. Defendant filed his motion on April 19, 2023.

*Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709 (1969)). During the plea colloquy, the court must additionally determine that there are facts establishing each essential element of the offense "to ensure that the defendant understands not only the nature of the charge but also that his conduct falls within the charge." *Id*. (citing *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc).

During the plea colloquy, the Court established Defendant's competency to proceed and advised him of the charges and penalties for which he was entering a plea of guilty. *See* Transcript of Plea Hearing, ECF 48, at *3–6. The Government summarized each paragraph of the plea agreement. *Id*. at *8–18. Defendant acknowledged that he understood the terms of the plea agreement and denied any undue influence or coercion affecting his plea. *Id*. at *18. Defendant expressly acknowledged that he understood that the Court is not bound by the guideline stipulations of the parties, but that he would be bound by his plea even if the ultimate sentence is more severe than expected. *Id*. at *19–20. The Court advised Defendant of each right being given up when entering a plea of guilty and Defendant acknowledged that he was waiving those rights. *Id*. at *20–21. Defendant additionally acknowledged that his plea of guilty meant that he was consenting to a binding judgment of conviction and the imposition of the appropriate sentence. *Id*. at *21. Defendant's attorney expressed his opinion that Defendant was entering into a knowing and voluntary plea after being fully informed of the consequences of his plea. *Id*. at *22–23. The Government read the elements of each offense and questioned Defendant concerning the factual basis. *Id*. at *23–27. Defendant agreed that he signed the factual basis indicating that it is true and correct after reading each page and reviewing it with his attorney. *Id*. at *26. Defendant further admitted that he signed the factual basis because all facts asserted within the document are true. *Id*. at *27. After being fully advised of the charges, penalties, terms of the plea agreement

and his constitutional rights, Defendant entered a plea of guilty to Counts 1, 2, 14, 16, 17, and 32. *Id*. Defendant expressly acknowledged that he was pleading guilty because he is, in fact, guilty. *Id*. There is no evidence of any errors during the plea colloquy. Defendant entered a knowing and voluntary plea of guilty. This factor weighs in favor of denying the motion.

In sum, every *Carr* factor weighs against withdrawal of the guilty plea. The record establishes a knowing and voluntary plea of guilty, guided by close assistance of counsel. By his own admission, Defendant filed his motion for withdrawal approximately ten months after entering his guilty plea because he is unhappy with the expected sentencing guideline range. The Defendant unequivocally stated under oath during the plea colloquy that he understood that the sentencing guidelines are advisory, that a guideline sentence will be calculated and that the sentence imposed may be different than any estimate he has been given by his attorney, the Government or anyone else. *See* Transcript of Plea Hearing, ECF 48, at *19. Defendant further acknowledged his understanding that the Court is not bound by the parties' guideline stipulations, that the sentence imposed may be more severe than expected and that he would continue to be bound by his plea of guilty. *Id*. at *19–20. The parties' agreement expressly states that "other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range" and that "[n]othing in th[e] agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment." Plea Agreement, ECF 25, at *7. Defendant has not shown that the Government acted contrary to the agreement. Additionally, to the extent Defendant argues that the firearm enhancement should not apply to his guideline calculation and is not supported by the factual basis, those are matters to be determined at sentencing. They do not affect the validity of the guilty plea. The totality of circumstances weigh heavily against withdrawal.

## Conclusion

Defendant has not met his burden of establishing a fair and just reason to withdraw his plea of guilty. The motion to withdraw from the plea agreement should be denied.

## **RECOMMENDATION**

It is accordingly recommended that Defendant's Motion to Withdraw from Plea Agreement (ECF 40) be **DENIED**.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). The written objections shall not exceed eight pages. Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 5th day of May, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE